**Nobuya YOKOYAMA, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C3–84–860.**

Court of Appeals of Minnesota.

Oct. 30, 1984.

Doris C. McKinnis, Kurzman, Manahan & Partridge, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Deborah L. Huskins, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Appellant appeals from an implied consent hearing sustaining the revocation of his driver's license. Appellant claims he was denied a statutory right to refuse to take a chemical test for the sole reason that he does not understand English. We affirm.

## FACTS

Appellant speaks Japanese and does not understand English. On December 11, 1983, appellant was arrested for DWI. The arresting officer attempted to locate an interpreter but was unsuccessful. He then slowly read the implied consent advisory to appellant and indicated he wanted appellant to take a breath test. Appellant did not understand the advisory but complied with the officer's request to blow into a breath tester. The breath test indicated an alcohol concentration of .14.

Appellant's driver's license was revoked, and he sought judicial review. The reviewing court sustained the revocation, concluding the statutory requirements of Minn. Stat. § 169.123 (1982) had been met. The reviewing court held it was not necessary to read appellant the implied consent advisory in Japanese.

## ISSUE

Did appellant have a statutory right to have the implied consent advisory read to him in Japanese?

## ANALYSIS

■ Appellant claims his consent to the breath test was vitiated because he did not understand the implied consent advisory. Appellant asserts Minn.Stat. § 169.123

(1982) requires an implied consent advisory to be read to a driver in whatever language the driver understands. We disagree. The statutory right to revoke consent to testing procedures is "limited by reasonableness." *State, Department of Public Safety v. Wiehle,* 287 N.W.2d 416, 419 (Minn.1979).

■ Although making an interpreter available when possible is desirable, *see State v. Ngoc Van Vu,* 339 N.W.2d 892, 898 (Minn.1983), finding an interpreter is not absolutely necessary and should not "interfere with the evidence-gathering purposes of the implied consent statute." *Wiehle,* 287 N.W.2d at 419 (referring to right to counsel).

■ Appellant gave his implied consent to testing procedures by applying for and receiving a Minnesota driver's license. His consent remained in full force until he chose to exercise his statutory right to refuse the test. Appellant understood he was being asked to take the test, and willingly blew into the testing machine.

> [T]he only understanding required by the licensee is an understanding that he has been asked to take a test. There is no defense to refusal that he does not understand the consequences of refusal or is not able to make a reasonable judgment as to what course of action to take.

*Martinez v. Peterson,* 212 Neb. 168, 171, 322 N.W.2d 386, 388 (1982); *see State v. Hurbean,* 23 Ohio App.2d 119, 127, 261 N.E.2d 290, 298 (1970) (driver estopped from asserting insufficient language skill when implied consent advisory provided in statutory manner and form).

## DECISION

■ The statutory right to revoke consent to testify procedures is limited by reasonableness. Appellant did not have a statutory right to have the implied consent advisory read to him in Japanese.

Affirmed.